UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AYNNE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:13-CV-44 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

On February 1, 2013, Allstate Texas Lloyd's ("Allstate") removed this case asserting that this court may exercise jurisdiction based on 28 U.S.C. § 1332.[1] The underlying dispute deals with Allstate's alleged handling of an insurance claim filed by Aynne Garcia after a hail and wind storm allegedly damaged her property.[2]

As reflected in the attached state court record, Allstate filed a plea in abatement in state court on January 16, 2013.[3] The statutory provisions relevant to this filing are Sections 541.154 and 541.155 of the Texas Insurance Code:

> (a) A person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed.
> (b) The notice must advise the other person of:
>     (1) the specific complaint; and
>     (2) the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person.
> (c) The notice is not required if giving notice is impracticable because the action:
>     (1) must be filed to prevent the statute of limitations from expiring; or
>     (2) is asserted as a counterclaim.[4]
> * * *

---

[1] Dkt. No. 1.
[2] Dkt. No. 1-4.
[3] Dkt. Nos. 1-3 & 1-6.
[4] Tex. Ins. Code Ann. § 541.154 (West Supp. 2012)

> (a) A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending.
> (b) The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154.
> **(c) An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea:**
> > **(1) is verified and alleges that the person against whom the action is pending did not receive the notice as required by Section 541.154; and**
> > **(2) is not controverted by an affidavit filed by the claimant before the 11th day after the date the plea in abatement is filed.**
> (d) An abatement under this section continues until the 60th day after the date notice is provided in compliance with Section 541.154.
> (e) This section does not apply if Section 541.154(c) applies.[5]

After considering these provisions and the record in this case, the Court finds that this case was automatically abated by statute without a court order on January 27, 2013. Specifically, the Court finds that Allstate filed the self-styled "Defendant Allstate Texas Lloyd's Verified Plea in Abatement" on January 16, 2013.[6] In that filing, Allstate alleged that "Plaintiff violated both the 60-day notice and the content requirements contained in Section 541.154 of the Texas Insurance Code."[7] Furthermore, the plea in abatement was verified.[8] Additionally, the plea in abatement was not controverted by an affidavit filed by Plaintiff before the 11th day after January 16, 2013. Thus, according to Section 541.155 of the Texas Insurance Code, this case was automatically abated on January 27, 2013.

---

[5] Tex. Ins. Code Ann. § 541.155 (West Supp. 2012) (emphasis added).
[6] Dkt. Nos. 1-3 & 1-6.
[7] Dkt. No. 1-6.
[8] Dkt. No. 1-6.

Therefore, because this case was abated by statute on January 27, 2013, this case is stayed until sixty (60) days after Aynne Garcia provides Allstate with written notice in compliance with Section 541.154 of the Texas Insurance Code. In order for the Court to lift the stay, it is Plaintiff's responsibility to demonstrate to the Court that she has provided the proper notice under Section 541.154 and when she provided such notice. Because 28 U.S.C. § 1447(c) does not appear to permit a district court to toll the time limit for seeking remand based on "defect[s] other than lack of subject matter jurisdiction[,]" the Court notes that this stay does not toll § 1447(c)'s deadline for seeking remand. Finally, all other deadlines and settings in this case are cancelled until further notice.

    IT IS SO ORDERED.

    DONE this 7th day of February, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE